UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FAVIO NELSON SUAREZ POLANIA,

                Petitioner,

      v.                                        6:25-CV-06739-MAV

**ORDER**

PHILIP L. RHONEY, *in his official capacity as*
*Acting ICE Deputy Field Office Director*; *et al.,*

                Respondents.

---

Petitioner Favio Nelson Suarez Polania, a citizen of Colombia, filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241 on December 8, 2025, while being held as a civil immigration detainee at the Buffalo Federal Detention Facility. ECF No. 1 ¶ 6. Accordingly, the Court has jurisdiction over this matter. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443–47 (2004). In the petition, Petitioner requests his immediate release or a bond hearing within seven days. ECF No. 1 ¶ 5.

28 U.S.C. § 2243 provides that "[a] court entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted." Further, in light of the Court's prior orders on this issue, including its decision and order granting relief in *Da Cunha v. Freden et al.*, 25-CV-6532 at ECF No. 31, Respondents are hereby

ORDERED to show cause within **14 days** of the date of this order why the Petitioner's requested relief pursuant to 28 U.S.C. § 2241 should not be granted, including through citations to supporting authority and applicable sections of the Immigration and Nationality Act, supplemented as possible by copies of the Notice to Appear served on Petitioner, the

warrant to arrest Petitioner, any other relevant exhibits helpful to resolution of this Petition, and a supporting declaration as necessary; and it is further,

ORDERED that the Clerk of Court shall forthwith serve a copy of the petition, ECF No. 1, and a copy of this order, electronically via a Notice of Electronic Filing to the United States Attorney's Office, Western District of New York at USANYW-Immigration-Habeas@usdoj.gov; and it is further

ORDERED that Petitioner shall have **7 days** after service of Respondent's return to file a **written response**.

Following receipt of the parties' papers, the Court will determine whether an evidentiary hearing is warranted. *See* Rule 8 of the Rules Governing Section 2254 Proceedings. In that regard, the Court observes that 28 U.S.C. § 2243 provides that "[u]nless the application for the writ and the return present only issues of law, the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained," as "the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts." Accordingly, to facilitate the expeditious resolution of this matter, it is further

ORDERED that Respondents refrain from transferring Petitioner out of the United States until after the Court determines whether an evidentiary hearing is warranted.

SO ORDERED.

Dated:      December ╱〇, 2025
            Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge